UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NUMBER 5:22-CV-00076-BJB-LLK

PLAINVIEW MOBILE HOME PARK;
DEER RUN MOBILE HOME PARK;
BLUE GRASS MOBILE HOME PARK;
BELEW'S MOBILE HOME COMMUNITY;
SHADY OAKS; GILKEY'S; AND
SARINA SHANNON                                                                                           PLAINTIFFS

v.

CITY OF OAK GROVE, KENTUCKY; and
MARTIN NUSS, individually                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS MISSY DEARK**

Pursuant to 28 U.S.C. § 636(b)(1)(A), United States District Judge Benjamin Beaton referred this matter to Magistrate Judge Lanny King for hearing and determination of all pretrial matters, including non-dispositive motions. [DN 6]. Currently before the Court is Defendants' Motion to Strike Plaintiff's Expert Witness Missy DeArk. [DN 49], to which Plaintiffs have filed a Response [DN 54] and Defendants have filed a Reply [DN 55]. The matter is now ripe for adjudication.

Defendants' Motion to Strike Missy DeArk seeks to exclude Plaintiffs' accountant expert and prevent her from offering expert witness opinion testimony at trial, claiming that her disclosure did not comport with the requirements of Fed. R. Civ. P. 26 and "will result in unfair surprise and prejudice to Defendants because Defendants have no basis for or knowledge of Ms. DeArk's opinion testimony." [DN 49 at 1]. Defendants therefore seek the exclusion of the late or undisclosed evidence under Fed. R. Civ. P. 37(c)(1), FRE 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Plaintiffs have responded, arguing that "the Defendants cannot sincerely

claim any unfair surprise or prejudice to them because of Plaintiff's [sic] Expert Witness Disclosure as Defendants have been in possession of Plaintiff's [sic] computation of damages since March 23, 2023 – at the latest." [DN 54 at 1].

At the heart of this expert disclosure dispute, there appears to be a factual disagreement between counsel regarding the timeliness of disclosure of both Ms. DeArk's identity and her expected opinions. Specifically, Plaintiff's counsel contends that prior to Plaintiffs' Expert Witness Disclosure deadline, he reached out to defense counsel "to advise that they would be identifying Missy DeArk and informing Counsel for Defendants that they did not yet have an expert report from Ms. DeArk. In response, Counsel for Defendants raised no objection and indicated that there were no issues with proceeding without a written report." [DN 54 at 5]. In contrast, defense counsel emphatically denies any such agreement, stating "Defendants and the undersigned never represented to counsel for Plaintiffs that Plaintiffs did not have to file an expert witness report for Ms. DeArk or otherwise waive Plaintiffs' mandatory compliance with Rule 26." [DN 55 at 4].

In their Reply, Defendants' arguments shift somewhat from those contained in their original Motion to include a new argument that Ms. DeArk's opinions are irrelevant under state and federal law, because "increased business cost and lost profits are not a proper element [sic] of compensation for takings claims." [DN 55 at 1]. They further argue that Plaintiffs' failure to provide a written report from Ms. DeArk was neither justified nor harmless under Sixth Circuit case law. [DN 55 at 6]. For purposes of this Memorandum Opinion and Order, the undersigned's analysis will be limited in scope to the original bases of Defendants' Motion to Strike, without passing judgment on the proof required to meet state and federal takings claims. After reviewing the parties' briefs, the Court finds that no hearing on the Motion is necessary. For the reasons that follow, Defendants' Motion to Strike is DENIED.

## BACKGROUND

To provide context, these basic facts are gleaned from the Plaintiffs' Complaint, [DN 1], and various other filings in this litigation. Plaintiffs 1-6 are owners of mobile/manufactured home[1] parks within the city of Oak Grove, Kentucky. They offer rental lot spaces for the placement of tenant-owned manufactured homes; they also offer already-in-place manufactured homes for rent to tenants seeking housing. Plaintiff Sarina Shannon is a white, low-income, single mother and prospective tenant of the Plaintiff Eddy Belew in Deer Run Mobile Home Community at 106 Bristol Street, Oak Grove, Kentucky. Plaintiffs contend that Defendants the City of Oak Grove, Kentucky and its public works director Martin Nuss denied water utility service to Plaintiffs' manufactured home communities, with systematic and discriminatory intent to target the residents of manufactured home communities—like Sarina Shannon—with the goal of eliminating both manufactured home communities and their residents from the City of Oak Grove. Defendants deny any such intent.

**Causes of action pled in Complaint**. Plaintiffs' Complaint alleges the following claims against Defendants: 1) Violation of the Fair Housing Act (42 U.S.C. § 3601 et. seq.); 2) Violation of equal protection under the Fourteenth Amendment of the United States Constitution; 3) State statutory violation of K.R.S. 278.170; 4) Claim under the vested rights doctrine; 5) Violation of the civil rights of the Manufactured Home Community owners (42 U.S.C. § 1983); 6) Violation of the civil rights of Plaintiffs Grover Dinwiddie[2] and Sarina Shannon (42 U.S.C. § 1983); 7)

---

[1] Prefabricated homes built on a permanent chassis were called "mobile homes" or "trailers" prior to June 15, 1976; homes built on a permanent chassis after that date are called "manufactured homes" and must be constructed according to codes administered by the U.S. Department of Housing and Urban Development (HUD Code). www.hud.gov; 24 CFR Part 3280. For purposes of this Memorandum Opinion and Order, manufactured home residential parks will be referred to as "manufactured home communities."

[2] Initially, this litigation included another individual plaintiff, Grover Dinwiddie. Mr. Dinwiddie was removed by Agreed Order dated March 9, 2023. [DN 28].

Equitable estoppel; and 8) Unlawful taking in violation of the Fifth Amendment of the United States Constitution. Plaintiffs seek both compensatory and punitive damages.[3]

**Procedural posture of the case**. This action has been pending for over two years, and the parties' discovery and disclosure deadlines have been extended several times. The undersigned initially entered a Scheduling Order for this case on November 30, 2022, [DN 21], which was modified by the parties' Agreed Scheduling Order on August 8, 2023 [DN 35], and again in the parties' Joint Status Report on March 1, 2024 [DN 41]. According to the March 1, 2024, Joint Status Report, both parties needed additional time in which to complete fact and expert discovery and suggested several extended deadlines. Pertinent to this Motion, the March 1, 2024, Joint Status Report moved Plaintiffs' expert disclosure deadline to May 17, 2024, and Defendants' expert disclosure deadline to July 19, 2024; the close of expert discovery was set for September 13, 2024, with dispositive and expert motions due by October 18, 2024. Following the May 1, 2024, Telephonic Status Conference, Judge Beaton approved the deadlines contained in the Joint Status Report. [DN 44].[4]

On May 15, 2024 (two business days *before* Plaintiffs' expert disclosure was due), Plaintiffs filed "Disclosure of Expert Testimony" identifying Ms. DeArk as an expert along with a copy of her CV, noting that "Ms. DeArk is expected to testify regarding the loss of future income and the diminution of the value of the Plaintiffs' businesses." [DN 45]. On July 23, 2024 (two business days *after* Defendants' expert disclosure was due), Defendants filed "Defendants' Non-

---

[3] In addition to compensatory and punitive damages, Plaintiffs seek relief in the form of injunctions both preliminary and permanent providing Plaintiffs with water from the public water system of the City of Oak Grove and enjoining Defendants from interfering with their manufactured home communities lots and homes for rent; a declaration that an easement was created by custom and usage; punitive damages to punish Defendants for their willful malicious conduct; their costs and attorneys' fees expended; and any further relief as may be appropriate. [DN 1].

[4] During the May 1, 2024, Telephonic Status Conference, Judge Beaton indicated he was not inclined to extend deadlines at that time, but that he would consider future modification of deadlines and wouldn't anticipate rejecting such a request.

Retained Expert Disclosure" [DN 46] identifying Martin Nuss (co-defendant) as their non-retained expert and providing a summary of Mr. Nuss' anticipated trial testimony. Plaintiffs filed a "Response and Objection to Defendant's [sic] Non-Retained Expert Disclosure" objecting to any portion of Defendant Martin Nuss' testimony being considered valid expert opinion, and further not accepting Defendants' disclosure "as a supplemental set of answers to Plaintiff's [sic] interrogatories or as a Pleading filed in compliance with Fed. R. Civ. P. 26 and requested further compliance" from Defendants. [DN 47]. This Order addresses only the Motion to Strike Plaintiffs' Expert Witness Missy DeArk, and does not address Plaintiffs' Response and Objection to Defendants' Non-Retained Expert Disclosure of Mr. Nuss at DNs 46 and 47.

There is no trial date currently scheduled for this case.

## ANALYSIS

**Authority of Magistrate Judge to Impose Rule 37 Sanctions**. The sanction sought by Defendants against Plaintiffs for noncompliance with Rule 26(a)(2)(B) is the striking of Ms. DeArk as an expert witness under Rule 37. As a preliminary matter, the undersigned as a United States Magistrate Judge is permitted to review nondispositive pre-trial matters and enter a written decision pursuant to Federal Rule of Civil Procedure 72(a). *See also* 28 U.S.C. § 636(a) (permitting a magistrate judge to enter an order on all nondispositive pretrial matters).

There is a lack of consensus among the federal courts as to whether a motion to strike an expert witness is a nondispositive matter (that may be decided by a magistrate judge) or a dispositive matter to be addressed in a report and recommendation of the magistrate judge to the district judge. Some courts suggest that it is the penalty imposed rather than the penalty sought that determines the scope of a Magistrate Judge's authority. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995); *Yang v. Brown University*, 149 F.R.D. 440, 442 (D.R.I. 1993)

(An order precluding the testimony of plaintiff's expert witness as a discovery sanction "crossed the line from nondispositive to dispositive decision-making" where the magistrate judge's order vitiated the plaintiff's case and was too severe a sanction to be considered nondispositive). In contrast, district judges in our sister district to the east have held that a motion to exclude expert testimony is nondispositive and appropriately within the purview of a Magistrate Judge. *See Jackson v. Steele*, No. 11-72-DLB-EBA, 2013 WL 4520938, at \*2, (E.D. Ky. Aug. 26, 2023) (citing *Wendorf v. JLG Industries, Inc.*, No. 08-cv-12229, 2010 WL 148255, at \*1 (E.D.Mich. Jan. 11, 2010)) (holding that a motion to exclude an expert's testimony is not a dispositive motion). Courts in other jurisdictions concur with our colleagues in the Eastern District that exclusion of expert testimony—the penalty sought here—is not dispositive and therefore properly decided by a Magistrate Judge.[5] Put another way, it is the sanction selected by the magistrate judge—not the sanction requested by the moving party—that governs whether a Rule 37 motion qualifies as dispositive or nondispositive. *New London Tobacco Market, Inc. v. Kentucky Fuel Corporation*, No. 6:12-CV-91-GFVT-HAI, 2022 WL 1301772, at \*1 (E.D. Ky. Mar. 23, 2022), citing *Builders Insulation of Tennessee, LLC v. S. Energy Sols.*, No. 17-CV-2668-TLP-TMP, 2020 WL 265297, at \*5 (W.D. Tenn. Jan. 17, 2020). Because this Memorandum Opinion and Order does not render a dispositive sanction, the undersigned proceeds by order rather than recommendation.

**Fed. R. Civ. P. 26(a)(2).** A party seeking to present expert testimony at trial must satisfy its duty to disclose. Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert

---

[5] The "weight of authority holds that a magistrate judge's order that excludes a plaintiff's expert from testifying is not a dispositive ruling." *Villafana v. Auto-Owners Ins.*, 2007 WL 1810513, at \*1 (S.D. Ala. June 22, 2007). "Case law is abundant for the common-sense proposition that a magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because that ruling ultimately affects the outcome of a claim or defense." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 3102225, at \*2 (S.D. Fla. June 2, 2016 (collecting cases).

witness testimony, and divides experts into two categories with distinct disclosure requirements. In subpart (A), the rule, in full, states:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

For experts who are retained or specially employed to provide expert testimony, subpart (B) controls and states, in full:

> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Typically, when a court schedules a deadline for expert witness lists, that deadline also applies to expert reports.

**Fed. R. Civ. P. Rule 37**. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Clark v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:17-cv-419, 2023 WL 2316205, at *2 (W.D.Ky. Mar. 1, 2023) (quoting *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn. P.C.*, 388 F.3d 976, 983 (6th Cir. 2004)) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or

harmless."). "The Sixth Circuit recognizes harmlessness as the key under Rule 37, not prejudice." *Eaton Corp. v. Angstrom Auto. Grp.*, LLK, No. 1:20-cv-00157, 2023 WL 5968005, at *2 (N.D. Ohio Sept. 14, 2023) (quoting *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2023)) (cleaned up); see also *Anderson v. United States*, No. 1:20-CV-00157, 2023 WL 171776, at *8 (W.D. Ky. Jan. 12, 2023). "Harmlessness means 'an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Eaton Corp.*, 2023 W.L 5968005, at *2 (quoting *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015)). See also *R.C. Olstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010), expert witness reports under Rule 26(a)(2)(B) are required to prevent "ambush" litigation tactics during expert depositions.

The Sixth Circuit considers five factors in determining whether the non-compliant disclosure was substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe*, 801 F.3d at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "The core goal of this evaluation is to separate honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Clark*, 2023 WL 2316205, at *3 (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)) (cleaned up). "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes form the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 WL 5867496, at *10

(E. D. Ky. Oct. 6, 2016) (Thapar, J.) (quoting *Howe*, 801 F.3d at 747, 749 (internal citations omitted)).

Although lacking in details and specifics, the Court does not find Plaintiffs' Expert Disclosure to be a total surprise here. Plaintiffs' disclosure of expert accountant Missy DeArk and the damages calculations about which she will testify is technically deficient under Rule 26, but not fatally so under Rule 37. The damages sought by Plaintiffs were outlined in discovery responses as early as February 2023. According to Plaintiffs' Response, counsel reached out to defense counsel prior to the expert disclosure deadline and identified Ms. DeArk though they did not yet have a written report from her, and "Counsel for Defendants raised no objection and indicated that there were no issues with proceeding without a written report." [DN 54 at 5]. Counsel for Defendants denies any such representation. [DN 55 at 4].

It appears that there has been: 1) an honest misunderstanding by counsel; 2) some form of procedural gamesmanship on the part of counsel; or 3) a direct misrepresentation by counsel in these pleadings. Without specific evidence to the contrary, the Court will assume that there has been an honest misunderstanding by counsel. Plaintiffs' counsel believes there to have been an understanding between the parties regarding disclosure of Ms. DeArk without the necessity of producing a report. Although Plaintiffs' counsel would have been well-advised to confirm such an understanding in writing, Subpart (B) of Rule 26(a)(2) does not require a writing and apparently contemplates such agreements regarding disclosures in its very text, "[U]nless otherwise stipulated." Furthermore, as noted above, the "core goal" of the *Howe* analysis "is to separate honest, harmless mistakes" from gamesmanship. Plaintiffs' failure to provide Ms. DeArk's report can be excused under Rule 37(c) if, as he has alleged, Plaintiffs' counsel was under the impression that Defendants' counsel did not object to proceeding without Ms. DeArk's report.

When Plaintiffs formally and timely disclosed Ms. DeArk in a pleading, [DN 45], they also attached the Curriculum Vitae for Ms. DeArk which outlines her employment history and experience; CPA credentials with certifications in financial forensics, valuation analysis; and financial forensics specialty in matrimonial litigation. The CV also includes Ms. DeArk's education, a list of her court testimony in 32 cases over the past four years, business valuation experience, and her professional memberships. Ms. DeArk's CV coupled with Plaintiffs' discovery answers provide at least four of the six categories of information required under Rule 26(a)(2)(B).

As to factor three, no trial date has been set in this matter, so there is little risk that trial will be disrupted by the Court declining to strike Ms. DeArk's testimony. Under factor four, the evidence appears to be important particularly regarding calculation of Plaintiffs' damages, to the extent that Ms. DeArk's testimony can provide that proof. Fifth, Plaintiffs have explained that Ms. DeArk was disclosed as an expert witness to defense counsel well before the disclosure deadline, and that Plaintiffs disclosed their calculations of damages as early as March of 2023.

Defendants have made vehement arguments under the *Howe* factors, suggesting that Rule 37 requires exclusion of a witness as a sanction for a Rule 26 violation. However, other Sixth Circuit caselaw makes clear that district courts have broad discretion in addressing discovery disputes and are in the best position to determine whether a party has complied with discovery orders. *Smith v. Botsford Gen. Hosp.*, 419 F.3d 513 (6th Cir. 2005) (quoting *Ames v. Van Dyne*, 100 F.3d 956 (Table), 1996 WL 662899 at *4 (6th Cir. 1996)); *see also Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2002) (no abuse of discretion for failing to exclude expert who failed to file report.)

This Court has expressed preference for resolving cases on the merits. *Brown v. HorizonPSI, Inc.*, No. 1:23-cv-10-GNS-HBB, 2024 WL 3223935 at *2 (W.D.Ky. April 30, 2024)

(citing *Jourdon v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]his court prefers that claims be adjudicated on their merits …."); *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). Prohibiting Plaintiffs from presenting Ms. DeArk's expert testimony could prove fatal to their case. Plaintiffs' failure to timely provide Ms. DeArk's written report might warrant the sanction of exclusion if the failure to properly disclose were on the eve of trial, or if the deficient disclosure were in some way intended to sandbag Defendants. However, the undersigned finds that, in this case and at this time, the harsh sanction of exclusion is not appropriate. Instead, the Court will exercise its discretion and direct Plaintiffs to supplement their Expert Disclosure with a written report. Accordingly,

IT IS ORDERED that Plaintiffs shall supplement their Expert Disclosure [DN 45] with a written report that comports with Rule 26 within thirty (30) days of entry of this Order.

IT IS FURTHER ORDERED that following the filing of Ms. DeArk's written report, Defendants will have sixty (60) days thereafter to disclose expert witnesses needed to rebut Ms. DeArk's testimony.

December 18, 2024

**Lanny King, Magistrate Judge**
**United States District Court**