# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**PLAINVIEW MOBILE HOME PARK, ET AL.**      **PLAINTIFFS**

**v.**      **No. 5:22-cv-76-BJB**

**CITY OF OAK GROVE ET AL.**      **DEFENDANTS**

\* \* \* \* \*

## OPINION & ORDER DENYING MOTION TO ALTER JUDGMENT

Several mobile-home communities and one prospective resident sued the City of Oak Grove and its public-works director, Martin Nuss, claiming that the Defendants unlawfully refused to extend water service to new mobile-home hookups. According to the Plaintiffs, this denial violated the U.S. Constitution, the Fair Housing Act, and state law. But the Court disagreed, at least in part, granting partial summary judgment to the Defendants on the federal claims and remanding the state statutory and equitable claims to state court. Summary Judgment Opinion (DN 69).

Resisting that course, the Plaintiffs have asked the Court to vacate its final order and reopen the case under Federal Rule of Civil Procedure 59(e). Motion to Alter Judgment (DN 71). But because their arguments for reconsideration largely repackage the arguments this Court already considered on summary judgment, the motion fails.

## ANALYSIS

Motions to alter or amend a judgment under Rule 59(e) "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). The rule "allows for reconsideration" of a prior decision but "does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks omitted). The burden lies with the movant, who must "clearly establish" that he satisfies at least one of the four grounds for relief. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted). The "error must be so egregious that an appellate court could not affirm the district court's judgment." *Powell v. Cabinet for Health & Fam. Serv.*, No. 5:22-cv-85, 2023 WL 8111605, at *1 (W.D. Ky. Nov. 22, 2023) (quotation marks omitted).

The Plaintiffs' motion broadly contends that the Court shouldn't have granted summary judgment on any of the federal claims because genuine issues of material

fact remain. Motion at 2–12. But the motion doesn't identify any newly discovered evidence or intervening change in controlling law. This is unsurprising, because the summary-judgment decision applied settled law to record material that was largely undisputed. As to the Fair Housing Act claim, the Plaintiffs lacked evidence of disparate treatment and failed to establish statistical evidence of disparate impact. Summary Judgment Opinion at 5–7. As to equal protection, the Plaintiffs likewise failed to rebut evidence that the City's water-hookup decisions survived rational-basis review. *Id.* at 7–9. And both due-process claims failed because the record revealed adequate process that didn't implicate the higher scrutiny given to "government interference with … fundamental rights and liberty interests." *Id.* at 9–12 (citation omitted).

The Plaintiffs' motion relies almost entirely on its previously rejected arguments, broadly objecting that the Court's prior ruling was "based on either contested facts or conclusions that are simply incorrect." Motion at 12. *But see id.* at 11 (characterizing one particular decision as "clear error"). Non-specific disagreement with a trial judge's summary-judgment ruling, of course, is hardly a basis for granting reconsideration. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters'") (quoting 11 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)).

The Plaintiffs' reply, by contrast, identifies five purported "clear errors of fact and law," which they say marred the summary-judgment opinion. Reply (DN 73) at 1–2. None, however, clears the high bar for reconsideration.

*First*, the Plaintiffs argue that the Court erroneously "held that [the] Plaintiff[s] owned the distribution lines and … were seeking extensions of said water lines." *Id.* at 1. And ownership amounted to a genuine issue of material fact because the Defendants used it as "pretext for their discrimination against Plaintiffs." *Id.* at 2–3. True, the Court acknowledged the factual dispute about ownership of the water lines. Summary Judgment Opinion at 2, 11. But that dispute mattered little because the rest of the record clearly supported summary judgment on the questions of discrimination and due process. *See id.* at 5–7, 9, 11 (deciding those questions without making any determination about the disputed ownership). In other words, even if a reasonable jury could've harbored doubts about pretext, it couldn't have reasonably found discrimination on the record as a whole. The Plaintiffs' allegation of pretext here "created only a weak issue of fact as to" the true reasons for the Defendants' actions, and the rest of the record "conclusively revealed some other, nondiscriminatory reason." *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000) (discussing evidentiary burdens in proving pretext and discrimination). The Court considered and rejected this same argument in granting summary judgment.

*Second*, they take issue with the Court's "disregard[ing] the testimony of Defendant Nuss that he could 'see that [Oak Grove wanted] to try' … to keep out African-Americans." Reply at 1–2. But that's a mischaracterization of Nuss's testimony. Plaintiffs' counsel asked Nuss to opine whether, "*if* the City … ha[d] a policy to eliminate a transient population, that would[d] be appropriate." Nuss Depo. DN (65-1) at 24:20–24:22 (emphasis added). Nuss first replied that he thought such a policy would be pointless and impossible. *See id.* at 25:9–25:11 ("I don't know what it is that they would be trying to gain by doing that or how they would do that."). When pressed further about a hypothetical "policy to keep out African-Americans" through zoning or water changes, *id.* at 25:13–25:14, Nuss answered: "I don't know that it's legally possible but I could see that they want to try," *id.* at 25:18–25:20. Read in context, Nuss merely stated that he was tracking counsel's hypothetical—not that Oak Grove actually discriminated, or even attempted or intended to. *Id.* Nothing about that testimony supports the Plaintiffs' theory that the City's enforcement of the water policy discriminated on the basis of race. And in any event, this argument merely repackages ones already made and rejected during the summary-judgment stage. The Court needn't reassess those arguments under Rule 59(e).

*Third*, the Plaintiffs contend the Court mistakenly "disregarded" their "statistical data" in awarding summary judgment to the Defendants on the Fair Housing Act claims. Reply at 2. Far from disregarding, the Court engaged extensively with the Plaintiffs' data, devoting more than a page to that evidence in its summary-judgment opinion. *See* Summary Judgment Opinion at 6–7. Now—as then—the "rudimentary statistical analysis" identified in the Rule 56 record is "not enough to infer discrimination under the FHA." *Id.*

In some tension with their second argument that the Court erred in discounting Nuss's testimony, the Plaintiffs' fourth objection is that the Court erred when it *accepted* Nuss's "testimony that Plaintiffs were denied water services because the distribution lines were 'out of code.'" Reply at 2. This testimony, they maintain, concealed the real reason for Nuss's actions: discrimination in violation of the Equal Protection Clause. Motion at 8–9. But as the Court's summary-judgment opinion already explained, the rest of the record corroborates Nuss's testimony on this point—easily enough to supply a rational basis justifying the disputed decisions. Summary Judgment Opinion at 8–9. And as this order just noted above, Nuss's testimony doesn't support an inference of discriminatory pretext in any event. Oak Grove's former mayor Theresa Jarvis testified—consistent with Nuss—that the city (under her administration) denied water services based on municipal violations. Jarvis Depo. (DN 57-6) at 50:20–51:7.

*Finally*, the Plaintiffs take aim at the Court's "erroneou[s]" holding that the 2020 Water Ordinance applied to each of them. Reply at 2. Running parallel with

the parties' dispute about ownership, the Plaintiffs say the ordinance covers only *extensions*, which they never sought here. *Id.* at 5–6. This argument supplies the basis for their request for reconsideration of both the procedural and substantive due-process claims. *See* Motion at 9–12.† But the Plaintiffs conveniently failed to engage with the ordinance's express coverage of *connections* in addition to extensions. 2020 Water Ordinance (DN 57-11) at 3. Because "the disputed water lines in this case quite obviously connect to the City's main distribution line," the Plaintiffs' argument fails as a matter of fact and law. Summary Judgment Opinion at 11 (quotation marks and brackets deleted). And again, insofar as they argue that the Defendants' application of the ordinance establishes pretext, *see* Reply at 6, that doesn't work either. *See* above at 2.

## ORDER

Because the Plaintiffs have failed to establish any ground for relief under Rule 59, the Court must deny the motion for reconsideration (DN 71).

Benjamin Beaton, District Judge
United States District Court

March 13, 2026

---

† In its opinion granting summary judgment, the Court discussed the Plaintiffs' scant mentions of the Takings Clause. Summary Judgment Opinion at 4 n.3. The Court "evaluate[d those] arguments in the context of the Plaintiffs' Fourteenth Amendment claim," considered them, and rejected them. *See id.* at 4 n.3, 7–12. But now, under the banner of substantive due process, the Plaintiffs attempt to develop that Takings Clause argument for the first time. *See* Motion at 11–12. Because this argument "could have been raised prior to the entry of judgment," *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Baker*, 554 U.S. at 486 n.5), the Court won't consider it while ruling on this motion.

4